**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

January 28, 2008

<u>VIA ELECTRONIC FILING</u>

Israel J. Atkin, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
One Gateway Center, Suite 2600
Newark, NJ 07102

Gary P. Schulz, Esq.
Nixon Peabody, LLP
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753-2728

      Re:    <u>**Modern Creative Services, Inc. v. Dell Inc.**</u>
              **Civil Action: 05-3891 (JLL)**

Dear Counsel:

      This matter comes before the Court by way of Plaintiff's motion to strike certain affirmative defenses set forth in Defendant's Answer. In particular, Plaintiff urges the Court to strike affirmative defenses seven through eleven on the basis that this Court has already rejected these defenses as a matter of law. Additionally, Plaintiff urges the Court to strike Defendant's second affirmative defense on the basis of its impropriety. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's motion to strike is granted, in part, and denied, in part.

**I.**    **Background**

      As the Court writes only for the parties, a familiarity with the underlying facts in this case will be assumed, and will not be repeated here except where necessary to provide context for the pending motion. Plaintiff commenced the instant action in August 2005, asserting claims for copyright infringement, misappropriation of trade secrets, unjust enrichment, and breach of contract. The parties began discovery shortly thereafter. In August 2006, Plaintiff moved to

amend its Complaint to: (1) add claims for fraud, misappropriation of confidential information, and unfair competition; and (2) to drop its claim for copyright infringement. Defendant filed a motion to dismiss the Amended Complaint in November 2006. By way of Opinion and Order dated June 8, 2007, this Court denied, in part, and granted, in part, Defendant's motion. Defendant filed an Answer to the Amended Complaint on June 28, 2007. This motion to strike certain affirmative defenses followed.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In doing so, the Court may act: "(1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Fed. R. Civ. P. 12(f).

"Courts recognize that a motion to strike can save time and litigation expense by eliminating the need for discovery with regard to legally insufficient defenses." F.D.I.C. v. White, 828 F.Supp. 304, 307 (D.N.J. 1993); see also United States v. Geppert Bros., Inc., 638 F.Supp. 996, 998 (E.D. Pa. 1986). In this regard, courts have stricken affirmative defenses as legally insufficient where the arguments raised therein had previously been addressed and rejected by that court. See, e.g., AMEC Civil, LLC v. DMJM Harris, Inc., No. 06-64, 2007 WL 433328 (D.N.J. Feb. 6, 2007). Nevertheless, the Third Circuit has cautioned that courts "should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986). In light of this standard, "motions to strike are not favored and will typically be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" AMEC Civil, LLC, 2007 WL 433328, at *4 (quotation omitted). With this framework in mind, the Court turns now to Plaintiff's arguments.

## III.    Analysis

Plaintiff moves to strike certain affirmative defenses asserted by Defendant on the basis that (a) the inclusion of the second affirmative defense is both improper and redundant, and (b) the seventh through eleventh affirmative defenses are based on legal arguments which were squarely rejected by this Court at the motion to dismiss stage. The Court will now address each argument, in turn.

### A.     Second Affirmative Defense

Defendant's second affirmative defense essentially alleges that certain allegations contained in the Amended Complaint "are completely without basis in fact," and that such allegations "were inserted in the Amended Complaint in bad faith to create a factual dispute and, thus, to prevent the dismissal of the legally baseless Amended Complaint on a Fed. R. Civ. P.

2

12(b)(6) motion." Finally, the second affirmative defense asserts that "Dell reserves its rights to move for sanctions (including costs and attorneys' fees) as a remedy for this bad faith pleading." Plaintiff argues that such allegations of bad faith do not constitute an affirmative defense and should therefore be stricken.

An affirmative defense generally constitutes a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." Black's Law Dictionary 451 (8th ed. 2004). See generally Crow v. Wolpoff, No. 06-3228, 2007 WL 1247393, at *2-3 (D. Minn. April 19, 2007). It is clear that second affirmative defense – as worded – does not accept as true the allegations set forth in the Amended Complaint. To the contrary, the entire premise of the second affirmative defense is that the allegations in the Amended Complaint are anything but true. Therefore, as a practical matter, the second affirmative defense appears facially improper. Moreover, the Court notes that Defendant provides no legal basis – whatsoever – in support of their position that such allegations of bad faith constitute an affirmative defense. Rather, Defendant concedes that the purpose of pleading the second affirmative defense was simply to put "both MCS and its counsel on notice that it will seek appropriate relief for what it believes is bad faith pleading." While Defendant is certainly free to seek any relief available under the Federal Rules of Civil Procedure – including Rule 11 sanctions – Defendant's notice of an intent to do so does not – alone – constitute an affirmative defense. See, e.g., Crow, 2007 WL 1247393 at *3 (holding that defendant may not assert claims under Rule 11 of the Federal Rules of Civil Procedure . . . as affirmative defenses under Rule 8(c).").[1] Therefore, Defendant's second affirmative defense is hereby stricken.

### B.      Seventh, Eighth, Ninth, Tenth and Eleventh Affirmative Defenses

Plaintiff also moves to strike Defendant's seventh, eighth, ninth, tenth and eleventh affirmative defenses on the basis that "[a]ffirmative defenses previously rejected on a motion to dismiss constitute legally insufficient defenses." In support of this position, Plaintiff cites to a series of cases wherein district courts have stricken affirmative defenses on the basis of their legal insufficiency where such defenses had previously been presented to and rejected by the court. See, e.g., AMEC Civil, LLC, 2007 WL 433328, at *5 (striking certain affirmative defenses "in light of the fact that" such defenses "were already decided by this Court").[2] Plaintiff

---

[1] In finding that defendant's bad faith allegations did not constitute an affirmative defense, the court in Crow noted that defendant's allegations of bad faith "are not external to plaintiff's prima facie case," but rather, simply "stem from a partial denial of the Complaint." See, e.g., Crow, 2007 WL 1247393 at *3.

[2] See also Equal Employment Opportunity Comm'n v. SSM & RC Inc., No. 05-6495, 2007 WL 1613580 (W.D.N.Y. June 1, 2007) (striking affirmative defense of failure to state a claim where "the Court has determined that neither complaint is subject to dismissal for failure to state a claim upon which relief can be granted."); United States v. Hempfling, No. 05-594, 2007

claims that it will be significantly prejudiced if the Court does not strike said affirmative defenses because it will be forced to file future motions in order to "block Dell's efforts to present these issues again to the court or jury." (Pl. Br. at 7-8). Plaintiff further contends that because "Dell filed no motion for reconsideration of the Court's June 11 opinion . . . Dell should not be allowed an end run around the Court's legal determinations." (Id.). Defendant, on the other hand, argues that "[t]his Court's partial denial of Dell's Motion to Dismiss in no way forecloses Dell from asserting affirmative defenses on those grounds, seeking discovery on the allegations at issue and revisiting its arguments at the summary judgment stage, especially if, as is the case here, the facts that MCS will be able to prove differ radically from those it alleged." (Def. Opp'n Br. at 3).

### (i).     Seventh Affirmative Defense

Defendant's seventh affirmative defense provides that "MCS's misappropriation of trade secrets claim must be dismissed because it is subsumed by its breach of contract claim." (Answer, ¶ 84). Although certain rulings made by this Court in its June 8, 2007 Opinion are clearly implicated by Defendant's argument in this regard, the Court was not specifically faced with this issue – and therefore did not rule upon it – in deciding Defendant's motion to dismiss. For instance, although Defendant sought dismissal of Plaintiff's fraud claim on the basis that it was subsumed by the breach of contract claim, Defendant did not seek dismissal of Plaintiff's misappropriation of trade secrets claim on such a basis. Therefore, to the extent that Plaintiff now moves to strike Defendant's seventh affirmative defense on the basis that this Court has already rejected this defense as a matter of law, Plaintiff's request is denied.

### (ii).    Eighth Affirmative Defense

Defendant's eighth affirmative defense provides that "MCS's fraud claim must be dismissed because it is subsumed by the breach of contract claim and otherwise fails to allege fraud." (Answer, ¶ 85). Plaintiff is correct in noting that this Court did consider this argument at the motion to dismiss stage. See June 8, 2007 Op. at 17. However, in denying Defendant's motion to dismiss Plaintiff's fraud claim on such a basis, the Court accepted as true certain factual allegations contained in the Amended Complaint, namely, Defendant's alleged false promises of future business. See id. at 18. It is conceivable, however, that facts may have come out during the course of discovery that show the fraud – as previously alleged – was not, in fact, extraneous to the non-disclosure agreement ("NDA") at issue. As a result, this remains a potentially valid defense. Accordingly, Plaintiff's request to strike the eighth affirmative defense in its entirety is hereby denied.

However, the Court did specifically reject Defendant's argument that Plaintiff's Amended Complaint fails to allege a colorable claim of fraud. See id. at 20 (rejecting Defendant's

---

WL 1299262, at * 5 (E.D. Cal. May 1, 2007) (same); Butler v. Adoption Media, LLC, No. 04-135, 2005 WL 1513142, at *5 (N.D. Cal. June 21, 2005) (same); Higgins v. Shenango Pottery Co., 99 F. Supp. 522, 526 (W.D. Pa. 1951) (same).

argument that Plaintiff fails to allege a colorable claim of fraud). The fact that Plaintiff may ultimately fail in proving its claim of fraud does not alter this Court's legal determination that Plaintiff has alleged a colorable claim of fraud. Therefore, the words "and otherwise fails to allege fraud" are hereby stricken from the eighth affirmative defense.

### (iii).   Ninth Affirmative Defense

Defendant's ninth affirmative defense provides that "the unfair competition claim is completely redundant and must be dismissed for the same reasons as the other tort claims." (Answer, ¶ 86). This Court has already addressed and rejected these arguments. See June 8, 2007 Op. at 22 (denying Defendant's motion to dismiss Plaintiff's unfair competition claim on the basis that it is "redundant," and noting that "the New Jersey Supreme Court has specifically allowed such a 'redundant' . . . claim to proceed alongside claims similar to those alleged here in the Amended Complaint."); see also id. at 12 (denying "Defendant's motion to dismiss Plaintiff's tort claims on the basis that they each fail to allege a duty independent from that imposed by the NDA"). Therefore, Defendant's ninth affirmative defense is hereby stricken.

### (iv).   Tenth Affirmative Defense

Defendant's tenth affirmative defense provides that "the misappropriation of confidential information claim is not viable because MCS has not alleged that Dell owed MCS any duties of confidentiality beyond those set forth in the NDA." (Answer, ¶ 87). This Court has expressly addressed and rejected this argument. See June 8, 2007 Op. at 11-12 (denying "Defendant's motion to dismiss Plaintiff's tort claims on the basis that they each fail to allege a duty independent from that imposed by the NDA" and noting that "Defendant has provided this Court with no legal authority from the highest court of New Jersey indicating that Plaintiff's intentional tort claims must allege a duty independent from those derived from the NDA.").

To be clear, this Court has made a legal determination that Plaintiff's tort claims are not subject to dismissal for failure to state a claim based upon Plaintiff's failure to allege breach of a duty independent from that imposed by the NDA. Such a determination was legal in nature, as evidenced by this Court's meaningful review of the relevant caselaw. See June 8, 2007 Op. at 7-12. Ultimately, this Court determined that Defendant's argument lacked legal support. See id. at 11. The fact that this Court may have used language such as "at this time" or "at this stage of the litigation" in allowing such tort claims to proceed, was not done so as to give Defendant the ability to renew arguments which have been squarely addressed and decided by this Court as a matter of law. Rather, such language was used merely to reflect the fact that Plaintiff's ability to ultimately meet its burden of proof as to its various tort claims remains to be seen. Therefore, this Court will not allow Defendant to reassert this argument in the guise of an affirmative defense. Accordingly, Defendant's tenth affirmative defense is hereby stricken.

### (v). Eleventh Affirmative Defense

Defendant's eleventh affirmative defense provides that "all of MCS's tort claims, including (1) misappropriation of trade secrets (Count I); (2) fraud and misrepresentation (Count III); (3) unfair competition (Count V); (4) misappropriation of confidential information (Count II); (5) unjust enrichment (Count VI), must be dismissed, as a matter of law, because each and every one is grounded in conduct specifically addressed by the NDA and MCS has not alleged facts that would impose duties of confidentiality or otherwise on Dell beyond those set forth in the NDA." (Answer, ¶ 88).  Again, as explained above, this Court has already addressed and rejected this very argument.  See June 8, 2007 Op. at 12 (denying "Defendant's motion to dismiss Plaintiff's tort claims on the basis that they each fail to allege a duty independent from that imposed by the NDA" and noting that "Defendant has provided this Court with no legal authority from the highest court of New Jersey indicating that Plaintiff's intentional tort claims must allege a duty independent from those derived from the NDA.").  Therefore, Defendant's eleventh affirmative defense is hereby stricken.

## IV. Conclusion

Based on the reasons set forth above, Plaintiff's motion to strike Defendant's affirmative defenses is granted as to the second, ninth, tenth and eleventh affirmative defenses.  Plaintiff's motion to strike the seventh affirmative defense is denied.  Plaintiff's motion to strike the eighth affirmative defense is granted to the extent that the words "and otherwise fails to allege fraud" are hereby stricken.

An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE